**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RODRIGO TREVINO,                          *

        *Plaintiff*,                          *

      v.                                     *

                                             *          No. 8:24-cv-03264-TDC

UNIVERSITY OF MARYLAND                    *
COLLEGE PARK, ET AL.,
                                             *
        *Defendants*.

  *    *    *    *    *    *    *    *    *    *    *    *

**ANSWER OF DEFENDANT, UNIVERISTY OF MARYLAND**
**COLLEGE PARK, TO AMENDED COMPLAINT**

    Pursuant to Federal Rule of Civil Procedure 8(b), Defendant University of Maryland, College Park ("University" or "Defendant"), by and through its undersigned counsel, hereby answers the Amended Complaint (ECF No. 24) filed by Plaintiff, Rodrigo Trevino ("Plaintiff"), and states as follows:

**NATURE OF THE CASE**

    1.    Defendant admits that Plaintiff has asserted claims under the referenced statutes. Defendant denies that Plaintiff is entitled to the relief requested.

**JURISDICTION & VENUE**

    2.    Paragraph 2 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 2 are denied.

    3.    Paragraph 3 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 3 are denied.

**PROCEDURAL REQUIREMENTS**

    4.    Admitted.

5.      Admitted.

6.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies same.

7.      Admitted.

8.      Admitted.

## THE PARTIES

9.      Admitted.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Admitted.

## MATERIAL FACTS

14.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15.      Admitted in part and denied in part.  Defendant admits that in summer, 2017, the University hired Plaintiff as an Assistant Professor in the Department of Mathematics. Defendant denies that Plaintiff performed his job duties in an exemplary manner throughout his employment.

16.      Admitted in part and denied in part.  Defendant admits that Plaintiff sent the referenced emails.  Defendant denies the existence of "discriminatory employment practices with the Department of Mathematics."  Defendant further denies that it dismissed Plaintiff's concerns or that it "commenced a pattern of discriminatory and retaliatory actions" against Plaintiff.

17.      Admitted.

18.    Admitted in part and denied in part.  Defendant admits the first two sentences of paragraph 18.  Defendant is without sufficient information to admit or deny the last sentence of paragraph 18 and therefore denies same.

19.    Admitted in part and denied in part.  Defendant admits that Plaintiff received an offer for a position at another university.  Defendant further admits that Plaintiff's wife received an offer from the same university.  Defendant admits that the University engaged in retention negotiations with Plaintiff and his wife.  Defendant denies that Dr. Levy stated that he would recommend Plaintiff for tenure.

20.    Admitted.

21.    Admitted in part and denied in part.  Defendant admits there was a meeting with Dr. Levy, Dean Varshney, and Plaintiff on or about April 29, 2022 to discuss retention. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 21 and therefore denies same.

22.    Admitted.

23.    Admitted in part and denied in part.  Defendant admits that Plaintiff began the promotion process in or about May, 2022.  Defendant denies that Dr. Levy approved the choice of an advisory subcommittee.  The APT Chair selects who serves on advisory subcommittees, not the Department chair.

24.    Denied.

25.    Admitted.

26.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino was a course coordinator for MATH 246.  Defendant denies that the course coordinator role involves significant responsibilities and that the course coordinator positions were previously assigned

solely to tenured faculty or professional track faculty. Defendant further states that professional track faculty are not tenured.

27.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies same.

28.     Admitted in part and denied in part. Defendant admits that Dr. Trevino met with Dr. Levy on September 9, 2022 to discuss the tenure case. Defendant further admits that the tenure letter writers expressed concern about Dr. Trevino's student evaluations from spring 2022 and that Dr. Levy suggested that Dr. Trevino consider withdrawing from the tenure process for 2022. Defendant further admits that Dr. Trevino pointed out that response rates for the evaluations were very low. Defendant further admits that Dr. Trevino communicated his intent to remain active in the promotion process. Defendant denies the remaining allegations in paragraph 28.

29.     Admitted.

30.     Admitted in part and denied in part. Defendant admits that Dr. Trevino possess a degree in mathematics from the University of Texas and a PhD in mathematics from the University of Maryland. Defendant denies the remaining allegations in paragraph 30.

31.     Admitted.

32.     Admitted in part and denied in part. Defendant admits that Dr. Levy emailed Dr. Trevino on October 25, 2022 stating that they needed to meet. Defendant further admits that Dr. Levy and Dr. Trevino met via Zoom on October 26, 2022 and that Dr. Levy informed Dr. Trevino that he did not have enough faculty votes to obtain the recommendation of the APT Committee. Defendant further admits that Dr. Levy encouraged Dr. Trevino to withdraw from the tenure process. Defendant denies that remaining allegations in paragraph 32.

33.     Admitted.

34.     Admitted in part and denied in part.  Defendant denies the existence of any process or policy allowing the reversal of a withdrawal from the promotion process.  Defendant is without sufficient information to admit or deny what guidance was provided by the Office of Faculty Affairs to Dr. Trevino and therefore denies same.  Defendant admits the remaining allegations in paragraph 34.

35.     Denied.

36.     Admitted in part and denied in part.  Defendant admits that Dr. Trevino met with Associate Provost John Bertot on November 7, 2022.  Defendant further admits that Associate Provost Bertot oversees promotion-related issues on campus.  Defendant denies the remaining allegations in paragraph 36.

37.     Denied.

38.     Paragraph 38 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 38 concerning "protected activity" are denied.  The remaining allegations in paragraph 38 are admitted in part and denied in part.  Defendant admits that Dr. Trevino filed a complaint concerning Dr. Levy with the Office of Civil Rights and Sexual Misconduct.  Defendant denies the existence of a "double standard" or that Dr. Trevino's complaint was otherwise meritorious.

39.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and therefore denies same.

40.     Admitted.

41.     Admitted in part and denied in part.  Defendant admits that OCRSM issued a notice of investigation on or about December 6, 2022 and an amended notice of investigation on or about December 12, 2022.  Defendant denies that the issuance of a notice of investigation suggests that OCRSM viewed Dr. Trevino's complaint as plausible.

42.    Denied.

43.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino emailed Dr. Levy and the Advisory Board of the Brin Center on or about December 15, 2022.  The remaining allegations in paragraph 43 are denied.

44.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino received a notification that he would be honored and recognized at the Maryland Research Excellence Celebration in 2023.  Defendant further admits that Dr. Levy nominated Dr. Trevino for the award. Defendant is without sufficient information to admit or deny when Dr. Levy's nomination was made and therefore denies same.

45.    Denied.

46.    Admitted in part and denied in part.  Defendant admits that 57 pages were submitted by Dr. Trevino in December, 2022.  Defendant denies the existence of discrimination or retaliation.

47.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and therefore denies same.

48.    Admitted in part and denied in part.  Defendant denies that Dr. Levy made any threats against Dr. Trevino.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 48 and therefore denies same.

49.    Admitted in part and denied in part.  Defendant admits that OCRSM concluded its investigation on or about February 6, 2023.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 49 and therefore denies same.

50.    Defendant is without sufficient information to admit or deny the allegations in paragraph 50 and therefore denies same.

51.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino appealed the decision of OCRSM concerning his complaint.  Defendant further admits that Dr. Trevino raised the referenced issues in his appeal. Defendant denies the "insincerity of [Dr.] Levy's testimony."

52.    Admitted.

53.    Defendant is without sufficient information to admit or deny whether Dr. Trevino enrolled in two teaching communities in 2023 and therefore denies same.  Defendant denies that Dr. Levy retaliated against Dr. Trevino and denies that Dr. Levy made disparaging comments.

54.    Defendant is without sufficient information to admit or deny the allegations in paragraph 54 and therefore denies same.

55.    Defendant is without sufficient information to admit or deny the allegations in paragraph 55 and therefore denies same.

56.    Defendant is without sufficient information to admit or deny the allegations in paragraph 56 and therefore denies same.

57.    Defendant is without sufficient information to admit or deny the allegations in the first three sentences of paragraph 57 and therefore denies same.  Defendant denies the allegations set forth in the final sentence of paragraph 57.

58.    Defendant is without sufficient information to admit or deny the allegations in paragraph 58 and therefore denies same.

59.    Admitted.

60.    Admitted in part and denied in part.  Defendant admits the allegations in the first sentence of paragraph 60.  Defendant is without sufficient information to admit or deny the allegations in the remainder of paragraph 60 and therefore denies same.

61.    Admitted in part and denied in part. Defendant admits that Dr. Trevino contacted Dean Varshney on or about May 8, 2023. Defendant further admits that Dr. Levy nominated Dr. Trevino for the Maryland Research Excellence Celebration. Defendant denies that Dr. Trevino was not afforded a fair promotion process.  Defendant also denies that Dr. Levy engaged in retaliatory behavior.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 61 and therefore denies same.

62.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino met with Professor Singer on or about May 12, 2023.  Defendant denies the remaining allegations in paragraph 62.

63.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino met with Associate Dean of Faculty Affairs John Fourkas on or about May 31, 2023.  Defendant further admits that Dr. Trevino was told that a new set of tenure letters was required.  Defendant denies the remaining allegations in paragraph 63.

64.    Paragraph 64 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 64 concerning "protected activity" are denied.  Defendant admits that Dr. Trevino filed a charge of discrimination with the EEOC on or about June 16, 2023.

65.    Admitted.

66.    Admitted in part and denied in part.  Defendant admits that Dr. Trevino met with Associate Dean Fourkas on or about July 18, 2023.  The remaining allegations in paragraph 66 are denied.

67.    Defendant is without sufficient information to admit or deny the allegations in paragraph 67 and therefore denies same.

68.     Defendant is without sufficient information to admit or deny the allegations in paragraph 68 and therefore denies same.

69.     Admitted in part and denied in part.  Defendant admits that Dr. Levy spoke with Professor Forni on or about August 29, 2023.  Defendant denies that Dr. Levy expressed a "retaliatory intent" to remove Dr. Trevino from the Department.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 69 and therefore denies same.

70.     Denied.

71.     Defendant is without sufficient information to admit or deny the allegations in paragraph 71 and therefore denies same.

72.     Defendant is without sufficient information to admit or deny the allegations in paragraph 72 and therefore denies same.

73.     Defendant is without sufficient information to admit or deny the allegations in paragraph 73 and therefore denies same.

74.     Admitted in part and denied in part.  Defendant admits that on or about September 20, 2023, Dean Varshney appointed Professor Richard Wentworth as substitute Chair for Dr. Trevino's tenure case.  Defendant denies the remaining allegations in paragraph 74, including the allegation that Professor Wentworth was a "close associate" of Dr. Levy.

75.     Defendant is without sufficient information to admit or deny the allegations in paragraph 75 and therefore denies same.  Defendant further denies that Dr. Levy engaged in discrimination, a "campaign of retaliation," and/or hostility toward Dr. Trevino's purported efforts to promote equity.

76.     Admitted in part and denied in part.  Defendant admits that the APT Committee met to discuss Dr. Trevino's tenure case on October 4 and 11, 2023, without Dr. Trevino present.

Defendant further admits that the APT Committee favorably viewed Dr. Trevino's service and mentoring records. All other allegations in paragraph 76 are denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Admitted in part and denied in part. Defendant admits that on October 18, 2023, the Office of Faculty Affairs announced Dr. Levy as a speaker in the referenced workshop. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 81 and therefore denies same.

82.    Admitted in part and denied in part. Defendant admits that on October 19, 2023, Dr. Wentworth informed Dr. Trevino that the APT Committee did not recommend him for tenure and that Dr. Wentworth would not be commending him for tenure based on his research and teaching record. Defendant further admits that members of the APT Committee authored a minority report and that the minority report would be sent to the Dean as part of Dr. Trevino's promotion file. Defendant denies the remaining allegations in paragraph 82, including Dr. Trevino's categorization of the contents of the minority report and the allegation concerning "retaliatory remarks."

83.    Admitted in part and denied in part. Defendant admits that Dr. Wentworth concurred with the recommendation of the APT Committee and submitted his recommendation to the Dean. Defendant denies the remaining allegations in paragraph 83.

84.    Defendant is without sufficient information to admit or deny the allegations in paragraph 84 and therefore denies same.

85.     Admitted in part and denied in part.  Defendant admits that Dr. Trevino emailed Associate Dean Fourkas on or about December 14, 2023 concerning Dr. Wentworth.  Defendant denies the remaining allegations in paragraph 85, including the allegation that Dr. Wentworth was biased.

86.     Denied.

87.     Admitted in part and denied in part.  Defendant admits that Dr. Trevino's tenure case was remanded to the Math Department and that Dr. Wentworth continued as Acting Chair. Defendant denies the remaining allegations in paragraph 87.

88.     Admitted in part and denied in part.  Defendant admits the allegations in the first two sentences of paragraph 88.  Defendant denies the remaining allegations in paragraph 88.

89.     Defendant is without sufficient information to admit or deny the allegations in paragraph 89 and therefore denies same.  Defendant further denies that Dr. Levy opposed the equity in hiring guidelines.

90.     Admitted in part and denied in part.  Defendant admits that the APT Committee met for a second evaluation of Dr. Trevino's tenure case in February 2024.  Defendant denies the remaining allegations in paragraph 90.

91.     Denied.

92.     Defendant is without sufficient information to admit or deny the allegations in the first two sentences of paragraph 92 and therefore denies same.  Defendant denies the remaining allegations in paragraph 92.

93.     Admitted in part and denied in part.  Defendant admits the allegations in the first sentence of paragraph 93.  Defendant denies the allegations in the second sentence of paragraph 93.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 93 and therefore denies same.

94.      Defendant is without sufficient information to admit or deny the allegations in the first sentence of paragraph 94 and therefore denies same.  Defendant denies the remaining allegations in paragraph 94.

95.      Denied.

96.      Defendant is without sufficient information to admit or deny the allegations in the first and fifth sentences of paragraph 96 and therefore denies same.  Defendant denies the remaining allegations in paragraph 96.

97.      Admitted in part and denied in part.  Defendant admits that on March 15, 2024, Dean Varshney denied Dr. Trevino's tenure request and stated that he did not find any due process violations.  Defendant denies the remaining allegations in paragraph 97, including the allegation that there were incidents of prejudice and retaliation.

98.      Defendant is without sufficient information to admit or deny the allegations in paragraph 98 and therefore denies same.

99.      Admitted in part and denied in part.  Defendant admits that Dr. Trevino submitted a request for an appeal to President Pines on or about April 15, 2024.  Defendant further admits that in his request for appeal, Dr. Trevino alleged discrimination, retaliation, and procedural violations.  Defendant denies the existence of discrimination, retaliation, and/or procedural violations with respect to Dr. Trevino's tenure case.

100.      Defendant is without sufficient information to admit or deny the allegations in paragraph 100 and therefore denies same.

101.      Admitted in part and denied in part.  Defendant admits the allegations in the first sentence of paragraph 101.  Defendant denies the remaining allegations in paragraph 101.

102.      Denied.

103.      Denied.

FIRST CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e)

104.    Defendant repeats all above paragraphs and if set forth at length herein.

105.    Paragraph 105 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 105 are denied.

106.    Paragraph 106 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 106 are denied.

107.    Paragraph 107 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 107 are denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Paragraph 111 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 111 are denied.

112.    Paragraph 112 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 112 are denied.

SECOND CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000d)

113.    Defendant repeats all above paragraphs and if set forth at length herein.

114.    Paragraph 114 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 114 are denied.

115.    Paragraph 115 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 115 are denied.

116.    Denied.

117.    Denied.

118.    Paragraph 118 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 118 are denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

THIRD CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(DISCRIMINATION IN VIOLATION OF MD. CODE ANN., STATE GOV'T §20-606)

123.    Defendant repeats all above paragraphs and if set forth at length herein.

124.    Paragraph 124 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 124 are denied.

125.    Paragraph 125 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 125 are denied.

126.    Paragraph 126 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 126 are denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

FOURTH CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e)

132.    Defendant repeats all above paragraphs and if set forth at length herein.

133.    Paragraph 133 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 133 are denied.

134.    Paragraph 134 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 134 are denied.

135.    Paragraph 135 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 135 are denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

FIFTH CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(RETALIATION IN VIOLATION OF 42 U.S.C. § 2000d)

142.    Defendant repeats all above paragraphs and if set forth at length herein.

143.    Paragraph 143 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 143 are denied.

144.    Paragraph 144 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 144 are denied.

145.    Paragraph 145 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 145 are denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

SIXTH CAUSE OF ACTION AGAINST DEFENDANT UNIVERSITY
(RETALIATION IN VIOLATION OF MD. CODE ANN., STATE GOV'T §20-606(f))

151.    Defendant repeats all above paragraphs and if set forth at length herein.

152.    Paragraph 152 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 152 are denied.

153.    Paragraph 153 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 153 are denied.

154.    Paragraph 154 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 154 are denied.

155.    Paragraph 155 contains legal conclusions, which require no response.  To the extent that a response is required, however, the allegations in paragraph 155 are denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

SEVENTH CAUSE OF ACTION AGAINST
DEFENDANTS LEVY, CERRAI and WENTWORTH
(RETALIATION IN VIOLATION OF 42 U.S.C. § 1983)

162.    Defendant repeats all above paragraphs and if set forth at length herein.

163.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 163.

164.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 164.

165.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 165.

166.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 166.

167.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 167.

168.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 168.

169.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 169.

170.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 170.

171.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 171.

172.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 172.

173.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 173.

174.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 174.

175.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 175.

176.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 176.

177.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 177.

178.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 178.

179.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 179.

180.    Because the Seventh Cause of Action involves defendants other than the University, a response is not required.  To the extent a response is required, Defendant denies the allegations in paragraph 180.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Defendant has immunity with respect to Plaintiff's claims brought pursuant to the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606, because suit was not filed in state court.

3.    Plaintiff's claims pursuant to Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, are barred because the primary objective of any federal funding received by the University was not to provide employment.

4.    Some or all of Plaintiff's claims are not actionable because the employment decisions challenged therein are justified by legitimate, non-discriminatory, and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's protected status.

5.    Defendant does not tolerate or engage in unlawful discrimination or retaliation.

6.    At all relevant times, Defendant had policies and complaint procedures in place for addressing claims of discrimination or retaliation by employees.

7.    Defendant would have taken the same action or actions complained of by Plaintiff in the absence of the alleged retaliation and discrimination

8.    Defendant is not liable for retaliation because it did not take materially adverse action against Plaintiff because of his protected activity.

9.    Defendant is not liable for discrimination because Plaintiff has failed to identify similarly situated comparators who were treated differently than Plaintiff.

10.     Defendant is not liable for discrimination or retaliation because all actions taken by the Defendant were justified by educational necessity.

11.     Defendant has immunity with respect to Plaintiff's claim for punitive damages.

12.     The damages sought by Plaintiff are not recoverable under the Maryland Fair Employment Practices Act, Title IV of the Civil Rights Act of 1964, or Title VII of the Civil Rights Act of 1964.

13.     Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations.

14.     Plaintiff's claims are barred in whole or in part by failure to exhaust administrative remedies.

15.     To the extent Plaintiff has failed to mitigate damages, Defendant is not liable to him for monetary damages.

16.     Defendant reserves the right to amend its answer to assert any additional defenses that become known during the pendency of this case.

ANTHONY G. BROWN
Attorney General of Maryland

*s/ Michael E. Rowan*
MICHAEL E. ROWAN
Federal Bar No. 27660
KATHRYN HUMMEL
Federal Bar No. 21991
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
mrowan@oag.state.md.us
khummel@oag.state.md.us
(410) 576-6476
(410) 576-6437 (facsimile)

March 14, 2025                    *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 14, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notice of electronic filing of all counsel of record.

*/s/ Michael E. Rowan*

MICHAEL E. ROWAN
